IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT KRAMER,<br><br>       Plaintiff,<br><br>  v.<br><br>TOWN SPORTS INTERNATIONAL HOLDINGS, INC., and TSI HIGHPOINT, LLC<br><br>       Defendants. | Civil Action No.: _____ |

## NOTICE OF REMOVAL

**TO: CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Defendant New TSI Highpoint, LLC (incorrectly identified as "Town Sports International Holdings, Inc d/b/a Philadelphia Sports Clubs and TSI Highpoint, LLC"), hereby files this Notice of removal of the above captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which the case is now pending, to the United State District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant states the following grounds in support of removal.

1.      On March 17, 2022, Plaintiff Scott Kramer filed his Civil Action Complaint against Town Sports International Holdings, Inc d/b/a Philadelphia Sports Clubs and TSI Highpoint, LLC Philadelphia Court of Common Pleas, where the case was assigned Case Number 220301728 (the "State Court Action"), asserting claims against Defendant for negligence.

2. Respondent, Scott Kramer, is an adult individual who resides at 1080 Blue Jay Road, Chalfont, PA 19814.

3. Kramer named Town Sports Holdings, LLC ("Holdings") and TSI Highpoint LLC ("Highpoint Oldco") as Defendants in this matter.

4. Holdings is not a proper party for this matter. Holdings was the ultimate parent of a bankrupt corporation known as Town Sports International, Inc ("TSI Oldco"). Prior to TSI Oldco's bankruptcy, Town Sports International Holdings, Inc. held 100% its membership interests. As explained herein, substantially all of the assets of TSI Oldco were sold during the pendency of the Bankruptcy.

5. Regardless, Holdings is a Delaware Corporation with its principal place of business located at High.

6. Highpoint Oldco is also not a proper party for this matter. It is a bankrupt corporation that previously operated the Club identified in the Complaint in the State Court Action. Highpoint Oldco's bankruptcy proceeded in the United States District Court for the District of Delaware under C.A. No. 20-12216-CSS and was subsequently consolidated with TSI Oldco's bankruptcy under C.A. No. 20-12168-CTG. Highpoint Oldco's membership interests were held by TSI Oldco, a citizen of Delaware and New York.

7. Following the filing of the Bankruptcy and during its pendency, substantially all of TSI Oldco's assets were sold pursuant to New TSI Holdings, Inc. pursuant to an Asset Purchase Agreement. *See* Ex. B, Asset Purchase Agreement. Included within the sale were substantially all assets of Highpoint Oldco. *Id* at p.2.

8. Thereafter, New TSI Chalfont assumed operation of the Club. New TSI Chalfont is a Delaware limited liability company with a registered office located at 100 Duffy Ave. Ste. 300

Hicksville, NY. Its membership interests are wholly owned by Broadway Gym Holdings, LLC, a Delaware limited liability company with its principal place of business located at 100 Duffy Ave. Ste. 300 Hicksville, NY. Broadway Gym Holdings, LLC's membership interests are, in turn, wholly owned by New TSI Holdings, Inc. a Delaware corporation with its principal place of business at that same location.

9. Prior to the filing of this Notice of Removal, the Club closed, and New TSI Chalfont no longer conducts operations in Pennsylvania. Its present principal place of business is 100 Duffy Ave. Ste. 300 Hicksville, NY.[1]

10. Diversity jurisdiction exists because Plaintiff is a citizen of the Commonwealth of Pennsylvania. *See* Ex. A at ¶ 1.

11. The improperly named Defendants are not citizens of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction. Town Sports International Holdings, Inc., which is not a real party in interest for the purposes of this matter, is a citizen of either Delaware or New York. Highpoint Oldco, a bankrupt corporation which is immune from suit, is a citizen of either Delaware or New York. Further, all of its members are citizens of Delaware or New York.[2]

12. The appropriate Defendant, New TSI Highpoint Chalfont, is a citizen of either Delaware or New York by virtue of its state of incorporation and its principal place of business as of the date of removal. Further, all of its members are citizens of Delaware or New York.

---

[1] Defendant previously filed Preliminary Objections to transfer the State Court Action to Bucks County, Pennsylvania. However, following the filing of those Preliminary Objections, it was determined that diversity of citizenships exists because of the closing of the Club. Those Preliminary Objections are being withdrawn contemporaneous with this filing.

[2] For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by looking to the citizenship of the limited liability company's members. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3rd. Cir. 2013)(citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d at 412, 418 (3d Cir. 2010)).

13.     Since the Petitioner and the Respondent (and improperly named Defendants) are citizens of different states, they are deemed diverse with respect to this Notice of Removal for the purposes of 28 U.S.C. § 1332(a) and (c).

14.     This removal is timely under 18 U.S.C. § 1446(b) because it is being filed within thirty (30) days of April 1, 2022, the date on which Plaintiff served the last Defendant in this matter. *See Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 680 (E.D. Pa. 2018) ("Therefore, the first time that the grounds for removal were apparent under § 1446(b) was when the case management conference memorandum was filed on April 4, 2017. Thus, the case management conference memorandum is the "other paper" in this case. Because Defendants removed this action on May 3, 2017, removal was within thirty days of the filing of the case management conference memorandum, and therefore removal was timely.").

15.     The amount in controversy in this action also exceeds $75,000 as required by 28 U.S.C. § 1332(a).

16.     Plaintiff's Complaint does not specify the amount in controversy and instead "demands judgment … in an amount in excess of Fifty Thousand ($50,000.00)" Pl. Compl. Ad damnum clause, Ex. A.  Plaintiff further alleges that she suffered "severe and permanent injuries to her body … a permanent disability and a permanent impairment of his earning power and capacity." *Id.* at ¶¶ 49-54.

17.     Based on the allegations in Plaintiff's Complaint, there is a reasonable probability that the amount in controversy in this case is in excess of the $75,000 jurisdictional requirement, exclusive of interest and costs. *Hatchigan v. State Farm Inc. Co.*, Civil Action No. 13-2880, 2013 U.S. Dist. LEXIS 96860, at *5 (E.D. Pa. July 11, 2013) (removal is appropriate where there is a

"reasonable probability" that the amount in controversy exceeds the jurisdictional requirement)(citing *Frederico v. Home Depot*, 507 F.3d 188, 196 n.6 (3d Cir. 2007)).

18. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441 because there is complete diversity of citizenship between Plaintiff and Defendant and because there is a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Philadelphia County Court of Common Pleas, where the action is currently pending, and will provide Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

20. All fees required by law in connection with this Notice of Removal have been paid by Defendant.

21. All the other requirements for removal and for federal court jurisdiction have been satisfied.

22. By filing this Notice of Removal and the associated attachments, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other claims, defenses, or objections that are or may be available to Defendant in this action. Furthermore, Defendant intends no admission of fact, law, or liability by this Notice of Removal, and Defendant expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, Defendant pray that this Court assume jurisdiction over this action from the Philadelphia County Court of Common Pleas, and that this action shall proceed as removed under this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                              **GORDON REES SCULLY MANSUKHANI, LLP**

BY: */s/ Michael C. Heyden, Jr.*
      Sara Anderson Frey, Esquire
      Attorney ID No. 311017
      Three Logan Square
      1717 Arch Street, Suite 610
      Philadelphia, PA 19103
      215-717-4037
      mheyden@grsm.com
      *Attorney for Defendant, New TSI Highpoint Chalfont, LLC*

Dated:  April 25, 2022

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on the 25th day of April, 2022, a true and correct copy of the foregoing Notice of Removal was served upon the following via first class mail and/or electronic mail.

Craig A. Falcone, Esquire
Sacchetta & Falcone
308 E. Second Street
Media, PA 19063

**GORDON REES SCULLY MANSUKHANI, LLP**

BY: */s/ Michael C. Heyden, Jr.*