CRAIG A. FALCONE, ESQUIRE
Attorney I.D. 90730
SACCHETTA & FALCONE
308 East Second Street
Media, PA 19063
(610) 891-2797



Filed and Attested by the
Office of Judicial Records
17 MAR 2022 12:49 pm
S. RICE

Attorney for plaintiff

| | |
|---|---|
| SCOTT KRAMER<br>108 Blue Jay Road<br>Chalfont, PA 18914                    *Plaintiff* | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>:<br>: |
| vs | : |
| PHILADELPHIA SPORTS CLUBS<br>220-250 S. 5th Street<br>Philadelphia, PA 19106<br>          and<br>TOWN SPORTS INTERNATIONAL HOLDINGS, INC.<br>d/b/a PHILADELPHIA SPORTS CLUBS<br>220-250 S. 5th Street<br>Philadelphia, PA 19106<br>          and<br>TSI HIGHPOINT, LLC<br>c/o CT Corporation System<br>600 North 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>          and<br>JANE DOE #1 (fictitious name)<br>          and<br>JOHN DOE #1 (fictitious name)<br>          and<br>JOHN DOE CORPORATION #1<br>          and<br>JANE DOE #2 (fictitious name)<br>          and<br>JOHN DOE #2 (fictitious name)<br>          and<br>JOHN DOE CORPORATION #2<br>                              *Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE TO DEFEND

1

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE,

LAWYER REFERENCE SERVICE:
One Reading Center
11th Floor
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY - (215) 451-6197

USTED DEBE LLEV ARESTE DOCUMENTO A SU ABOGADO IMMEDIA TAMENTE, SI USTED NO TIENE ABOGADO 0 NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, VAYAENPERSON AO LLAMEPOR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDESEPUEDECONSEGUIRASISTENCIALEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRECONTRATARA UN ABOGADO, SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO 0 NINGUN HONORARIO,

SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701
TTY-215-451-6197

Case ID: 220301728

CRAIG A. FALCONE, ESQUIRE
Attorney I.D. 90730
SACCHETTA & FALCONE
308 East Second Street
Media, PA 19063
(610) 891-2797                                              Attorney for plaintiff

---

| | |
|---|---|
| SCOTT KRAMER | : COURT OF COMMON PLEAS |
| 108 Blue Jay Road | : PHILADELPHIA COUNTY |
| Chalfont, PA 18914            *Plaintiff* | : |
| | : |
| | : |
| vs | : |
| | : |
| | : |
| PHILADELPHIA SPORTS CLUBS | : |
| 220-250 S. 5th Street | : |
| Philadelphia, PA 19106 | : |
|   and | : |
| TOWN SPORTS INTERNATIONAL HOLDINGS, INC. | : |
| d/b/a PHILADELPHIA SPORTS CLUBS | : |
| 220-250 S. 5th Street | : |
| Philadelphia, PA 19106 | : |
|   and | : |
| TSI HIGHPOINT, LLC | : |
| c/o CT Corporation System | : |
| 600 North 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
|   and | : |
| JANE DOE #1 (fictitious name) | : |
|   and | : |
| JOHN DOE #1 (fictitious name) | : |
|   and | : |
| JOHN DOE CORPORATION #1 | : |
|   and | : |
| JANE DOE #2 (fictitious name) | : |
|   and | : |
| JOHN DOE #2 (fictitious name) | : |
|   and | : |
| JOHN DOE CORPORATION #2 | : |
|          *Defendants.* | : |

---

## COMPLAINT

1. Plaintiff, Scott Kramer, is an adult individual residing at 108 Blue Jay Road,

Chalfont, PA 18914.

3

Case ID: 220301728

2.   Defendant, Town Sports International Holdings, Inc. d/b/a Philadelphia Sports Clubs, is a non-profit corporation, partnership, sole proprietorship, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania and as such owned, operated, supervised, controlled and maintained a facility with its principal place of business located at 220-250 S. 5th Street, Philadelphia, Pennsylvania 19106 and as such, is and was engaged, at all material times incident hereto, among other associated and related activities in the business of the ownership, leasing, management, operation, joint venture, and/or control of real estate, including but not limited to the premises located at 220-250 S. 5th Street, Philadelphia, Pennsylvania also known as "Philadelphia Sports Clubs."

3.   Defendant, Philadelphia Sports Clubs, is a corporation a non-profit corporation, partnership, sole proprietorship, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania and as such owned, operated, supervised, controlled and maintained a facility with its principal place of business located at 220-250 S. 5th Street, Philadelphia, Commonwealth of Pennsylvania known as "Philadelphia Sports Clubs."

4.   Defendant, TSI Highpoint, LLC, is a corporation a non-profit corporation, partnership, sole proprietorship, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania and as such owned, operated, supervised, controlled and maintained a facility with its principal place of business located at c/o CT Corporation System, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101, Commonwealth of Pennsylvania known as "Philadelphia Sports Clubs."

5.   Defendant, Jane Doe #1 is an individual who is responsible for the design,

4

Case ID: 220301728

manufacture, assembly, distribution and sale of the lap pull down machine at the Philadelphia

Sports Club located at 1 Highpoint Drive, Chalfont, PA, which was involved in this accident.

6.    Jane Doe #1's identity is currently unknown after reasonable investigation.

7.    It is averred that Jane Doe #1 may regularly conduct business in Philadelphia

County.

8.    Defendant, John Doe #1 is an individual who is responsible for the design,

manufacture, assembly, distribution and sale of the lap pull down machine at the Philadelphia

Sports Club located at 1 Highpoint Drive, Chalfont, PA, which was involved in this accident.

9.    John Doe #1's identity is currently unknown after reasonable investigation.

10.    It is averred that John Doe #1 may regularly conduct business in Philadelphia

County.

11.    Defendant, John Doe Corporation #1 is the entity responsible for the design,

manufacture, assembly, distribution and sale of the lap pull down machine at the Philadelphia

Sports Club located at 1 Highpoint Drive, Chalfont, PA, which was involved in this accident.

12.    John Doe Corporation #1's identity is currently unknown after reasonable

investigation.

13.    It is averred that John Doe Corporation #1 may regularly conduct business in

Philadelphia County.

14.    Defendant, Jane Doe #2 is an individual responsible for repairing and maintaining

the lap pull down machine at the Philadelphia Sports Club located at 1 Highpoint Drive,

Chalfont, Pa that was involved in this accident on January 20, 2022.

15.    Jane Doe #2's identity is currently unknown after reasonable investigation.

16.    It is averred that Jane Doe #2 may regularly conduct business in Philadelphia

Case ID: 220301728

County.

17.    Defendant, John Doe #2 is an individual who is responsible for repairing and maintaining the lap pull down machine at the Philadelphia Sports Club located at 1 Highpoint Drive, Chalfont, Pa that was involved in this accident on January 20, 2022.

18.    John Doe #2's identity is currently unknown after reasonable investigation.

19.    It is averred that John Doe #2 may regularly conduct business in Philadelphia County.

20.    Defendant, John Doe Corporation #1 is the entity responsible for repairing and maintaining the lap pull down machine at the Philadelphia Sports Club located at 1 Highpoint Drive, Chalfont, Pa that was involved in this accident on January 20, 2022.

21.    John Doe Corporation #2's identity is currently unknown after reasonable investigation.

22.    It is averred that John Doe Corporation #2 may regularly conduct business in Philadelphia County.

23.    On or about January 20, 2022, Defendants, Town Sports International Holdings, Inc. d/b/a Philadelphia Sports Clubs, Philadelphia Sports Clubs and/or TSI Highpoint, LLC were the owners and or agents for the owners of certain real property located at 1 Highpoint Drive, Chalfont, PA, and as such owned, maintained, occupied, possessed and/or controlled the premises therein.

24.    On or about January 20, 2022, Defendants, Town Sports International Holdings, Inc. d/b/a Philadelphia Sports Clubs, Philadelphia Sports Clubs and/or TSI Highpoint, LLC, by and through their agents, servants, workman and employees were responsible to perform certain maintenance duties, etc., on the premises located at 1 Highpoint Drive, Chalfont, PA, known as

6

Case ID: 220301728

the Philadelphia Sports Clubs.

25. At all times relevant hereto, Plaintiff, Scott Kramer, was a lawful invitee on the premises located at 1 Highpoint Drive, Chalfont, PA, known as the Philadelphia Sports Clubs.

26. On or about January 20, 2022, Plaintiff, Scott Kramer, was lawfully upon the premises, of the Defendants, and was an invitee at that time and date. On said date and time, Plaintiff was utilizing the lap pull down machine when suddenly, without warning, the machine broke. Said defective equipment inside Defendant's premises was permitted to remain without the knowledge of the Plaintiff causing, Plaintiff, Scott Kramer to sustain injuries, which said injuries resulted in serious and permanent personal injuries as hereinafter more particularly set forth at length.

## COUNT I
## PLAINTIFF, SCOTT KRAMER vs. DEFENDANT, TOWN SPORTS INTERNATIONAL HOLDINGS, INC. d/b/a PHILADELPHIA SPORTS CLUBS, PHILADELPHIA SPORTS CLUBS and TSI HIGHPOINT, LLC

27. Plaintiff incorporates herein by reference Paragraphs 1 through 25, inclusive, of this Civil Action Complaint as fully as though the same were set forth herein at length.

28. Plaintiff, Scott Kramer avers, it was the duty of Defendants, Town Sports International Holdings, Inc. d/b/a Philadelphia Sports Clubs, Philadelphia Sports Clubs and TSI Highpoint, LLC (hereinafter collectively referred to as Defendants) to maintain the property and the lap pull down machine referred to above in a reasonably safe condition for its intended use and free from all dangerous conditions, such as defective equipment located inside Defendant's premises, which Defendant knew or should have known or existed, and which rendered the property dangerous and unsafe, or which would present an unreasonable risk of harm to him.

29. Plaintiff, Scott Kramer avers, it was the duty of Defendants to have available

7

Case ID: 220301728

sufficient personnel to properly inspect and perform said maintenance duties at the aforesaid

property in order to keep the property in a reasonably safe condition and to warn of the existence

of dangerous conditions such as defective equipment to remain on the floor as referred to above.

30. Plaintiff, Scott Kramer, avers that it was the duty of Defendants by its agents,

servants, workmen and/or employees was, at all-time relevant hereto, responsible for the

maintenance services which included the fixing of equipment or properly marking the broken

equipment located at 1 Highpoint Drive, Chalfont, PA, known as the Philadelphia Sports Clubs,

Commonwealth of Pennsylvania.

31. The aforesaid accident was due entirely to the negligence of the Defendant, it's

agents, servants, workmen and/or employees acting within the scope of their employment for and

on behalf of the Defendant.

32. Plaintiff, Scott Kramer, avers, it was the duty of Defendants to have available

sufficient personnel to properly inspect and maintain the aforesaid property in a reasonably safe

condition and to warn of the existence of dangerous conditions such as defective equipment as

referred to above.

33. Plaintiff, Scott Kramer further avers that it was the duty of the Defendants to exercise

reasonable care to protect the Plaintiff from injury by inspection of the premises or by other

affirmative acts such as warning Plaintiff of the existence of dangerous conditions occurring on

the said property such as defective equipment to remain on the Defendants' premises as

reference to above:

34. The aforesaid accident was caused by the negligence and carelessness of Defendants

in:

        a.  Failing to exercise due regard for the rights and safety of the Plaintiff by
            permitting defective equipment to remain on the workout floor in question;

8

Case ID: 220301728

b. Negligently causing defective equipment to exist on the workout floor in question;

c. Failing to maintain the workout floor on the premises in a reasonably safe condition by allowing defective equipment to remain on the floor;

d. Maintaining the workout floor in a dangerous and defective condition by not removing defective equipment in a timely manner;

e. Failing to warn persons on the premises of the dangerous defective equipment located on the property which Defendant knew, or should have known, existed for some time prior to the aforesaid incident by fixing the defective equipment;

f. Failing to instruct, and inform its agents, servants, workmen and/or employees of the safe method of maintaining and cleaning the equipment;

g. Permitting said defective equipment to remain in a dangerous state which would endanger those persons lawfully on the premises by allowing defective equipment to remain, while invitees utilized the equipment on the property;

h. Failing to personally inspect the defective equipment located at said premises or to request and supervise periodic inspections of the defective equipment by its agents;

i. Acting in disregard of the rights and safety of the persons lawfully on said premises by permitting unsafe equipment to exist on said property;

j. Failing to warn Plaintiff of the dangerous defective equipment on said property of which Defendant knew or should have known existed;

k. Failing to maintain said defective equipment in a proper condition, which Defendant knew or should have had due and proper notice;

l. Allowing and permitting unsafe equipment to be left on the workout floor in an unsafe condition thus rendering the floor itself dangerous, unsafe, improper and unstable;

m. Failing to properly, maintain, supervise and/or direct their employees, agents and/or workmen on the proper methods of maintaining and/or cleaning defective equipment;

n. Failing to inspect the aforesaid premises at reasonable intervals in order to determine the defective, dangerous and unsafe condition of the equipment on said property;

9

Case ID: 220301728

o.  Failing to properly maintain, inspect and service the equipment to ensure it operated safely;

p.  That said Defendant knew, or should have known, about the highly dangerous, defective, hazardous and unsafe condition, existing about and upon its premises, which was caused by an unsafe and improperly maintained, cleaned or serviced the equipment;

q.  That said Defendant was otherwise negligent as may be determined through discovery proceedings pursuant to the Pennsylvania Rules of Civil Procedure by permitting unsafe equipment to exist on said property;

r.  Failing to inspect the equipment in question at reasonable intervals, in order to determine the defective, dangerous and unsafe conditions thereon;

s.  Failing to discover the unsafe equipment on the floor in the premises in question;

t.  That said Defendant failed to warn Plaintiff of the hazardous, dangerous and defective equipment on the premises in question by failing to place warning signs in the vicinity of same;

u.  Said Defendant permitted the aforesaid property to become and to remain in a dangerous, defective, hazardous and unsafe condition so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully conducting business on said property by permitting unsafe equipment to exist on said property, while invitees utilized the equipment on the floor;

35. The aforesaid accident was due entirely to the negligence of the Defendants, its agents, servants, workmen and/or employees acting within the scope of their employment for and on behalf of the Defendant.

36. As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff sustained severe and permanent injuries including, but not limited to, tailbone and ribs, whereby he has in the past, and will in the future, continue to suffer severe pain.

37. Plaintiff's injuries caused constant pain, discomfort, and limitation of motion, all of which injuries are or may be of a permanent nature.

10

Case ID: 220301728

38. Plaintiff was made to undergo great mental anguish and bodily pain, as a result of which he has suffered, yet suffers, and will continue to suffer great mental anguish and bodily pain for an indefinite time in the future.  He sustained a severe and permanent shock to his nerves and nervous system, and has, may and probably will in the future, continue to suffer great mental anguish and bodily pain.

39. Plaintiff, as a result of said injuries, has and probably will in the future be obliged to expend large and various sums of money for medicine and medical attention in and about an effort to treat and cure himself of his injuries.

40. As a further result of this accident, Plaintiff has, and will continue in the future, to be obliged to undergo medical attention and care, expend various sums of money, and incur various expenses for the injuries he has sustained.  Plaintiff may be obliged to continue to expend such sums or incur such expenses for an indefinite time in the future.

41. As a further result of the accident, Plaintiff has or may suffer an injury which may be of a psychological nature, all of which may and probably will be of a permanent nature or irreparable and severe.

42. As a further result of this accident, Plaintiff has suffered and may continue to suffer, a severe loss of earnings and/or impairment of his earning capacity and power.

43. As a direct and proximate result of this accident, Plaintiff has, or may in the future, incur other financial losses or expenses, which do or may exceed amounts that he might otherwise be entitled to recover.

44. As a result of the Defendants' negligence, Plaintiff has and probably will in the future, be hindered from attending and performing his usual and daily activities, duties, and recreational social pursuits.

11

Case ID: 220301728

WHEREFORE, Plaintiff, Scott Kramer, demands judgment against Defendant, jointly and severally, Town Sports International Holdings, Inc. d/b/a Philadelphia Sports Clubs, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT III - NEGLIGENCE

**Plaintiff, Scott Kramer v. Defendants, Jane Doe #1, John Doe #1, John Doe Corporation #1, Jane Doe #2, John Doe #2 and John Doe Corporation #2**

45.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.     The incident and resulting injuries to plaintiff were caused by the negligence of defendants, Jane Doe #1, Johne Doe #1, John Doe Corporation #1, Jane Doe #2, John Doe #2, John Doe Corporation #2, acting by and through its agents, servants, workmen and employees.

47.     Such negligence and carelessness consisted of the following:

(a)     failing to properly equip the lap pull down machine with appropriate safety devices for its safe operation by users;

(b)     failing to offer devices or products so as to make the lap pull down machine safe for use;

(c)     allowing the lap pull down machine to be sold in a defective condition;

(d)     failing to warn users or others subject to injury resulting from the dangerous product, or the dangers associates with lap pull down machine use;

(e)     failing to investigate the dangers associated with lap pull down machine and its use;

(f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the lap pull down machine safe for its intended use;

12

Case ID: 220301728

(g)     failing to properly design the lap pull down machine so that it would not cause harm or increase harm to others;

(h)     designing, manufacturing, assembling and selling the lap pull down machine which they knew, or should have known, was in a defective condition;

(i)     failing to perform tests or studies about its lap pull down machine;

(j)     ignoring evidence and facts about the dangers of lap pull down machine when used in a reasonably foreseeable manner.

48.     The accident was caused by the negligence of defendants, Jane Doe #1, John Doe #1, John Doe Corporation #1, Jane Doe #2, John Doe #2 and John Doe Corporation #2, and was in no way caused by the plaintiff.

49.     Solely as a result of the negligence of defendants, Jane Doe #1, John Doe #1, John Doe Corporation #1, Jane Doe #2, John Doe #2 and John Doe Corporation #2, plaintiff, Scott Kramer, was caused to suffer severe and permanent injuries to his body including, but not limited to, tailbone and ribs, whereby he has in the past, and will in the future, continue to suffer severe pain.

50.     As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

51.     Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

52.     As a result of his injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss.

53.     As a result of his injuries, plaintiff may have suffered a permanent disability and a

13

Case ID: 220301728

permanent impairment of his earning power and capacity.

54.    As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff, Scott Kramer, demands judgment against defendant, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount not within the compulsory arbitration limit of this court.

SACCHETTA & FALCONE

By:    /s/Craig A. Falcone, Esquire
CRAIG A. FALCONE, ESQUIRE
Attorney for Plaintiff

14

Case ID: 220301728

## VERIFICATION

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Scott Kramer
SIGNATURE

Case ID: 220301728